No. 89.—EWELL WEBB, plaintiff in error, *vs.* LEWIS F. HICKS, et al. defendants.

[1.] Motion made and sustained to dismiss the case because the certificate of the Judge bearing date the 20th of March, 1856, was under the old law instead of the new Act, which was approved the 6th of March, 1856.

*By the Court.*—LUMPKIN, J. delivering the opinion.

A preliminary motion is made to dismiss this case, on account of the supposed defect in the certificate of the presiding Judge to the bill of exceptions.

The Act of the last Legislature declares that it shall be substantially, as follows : " I do certify that the following bill of exceptions is true, and contains all the evidence material to a clear understanding of the errors complained of. And the Clerk of the Superior Court of the County of ———— is hereby required and ordered to make out a complete copy of the record of said case, and cause the same to be transmitted to the ———— term of the ———— district of the Supreme Court, that the errors alleged to have been committed may be considered and corrected. And this shall be the writ of error in said case." (*Pamphlet Acts*, 199, 200.)

And by the sixth section it is provided, that "no other writ of error, citation or notice shall be required, except as herein before provided. Nor shall any exception be taken or allowed as to the manner in which any case has been taken to said Supreme Court: *Provided* the previous provisions of this Act have been *substantially* complied with." (*Ib.*)

We have struggled hard to retain this case, but it is impossible. No attempt is made by the Judge to comply with the Statute. Not knowing of the change, he certified under the old law; and that is repealed by the new.

Who is to blame for this ? Not the Judge, for he had no opportunity of knowing what the provisions of the new law were. Not the Counsel, for same reason. Of course we

shall be made, as usual, the scape goat, for dismissing cases upon technicalities. And this will elicit a further effort at reform, as to the method of carrying up cases to this Court.

Is it not passing strange, that the Legislature will persevere in passing Statutes to take effect from and immediately after their approval by the Governor, and exacting obedience to them at the peril of life, liberty and property, before they are promulgated; and when the Judges who are sworn to administer them are profoundly ignorant of their contents?